IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. C16-3094 |
| ) | |
| MATTHEW KERNEN; ) | |
| CAPITAL ONE BANK (USA) NA; ) | |
| and CAVALRY SPV I, LLC, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, United States of America, by and through Rural Housing Service, United States Department of Agriculture, for its cause of action alleges:

### Jurisdiction and Venue

(1) This is a civil action brought by the United States of America under the provisions of 28 U.S.C. § 1345. This is an action for an *in personam* and *in rem* judgment and foreclosure of a mortgage on real property located in the Northern District of Iowa. Venue is proper in the Northern District of Iowa pursuant to 28 U.S.C. § 1391(b)(2) as the property subject to foreclosure is located in Carroll, Carroll County, Iowa, in the Northern District of Iowa and a substantial part of the events giving rise to the claim occurred in the Northern District of Iowa.

## Parties

(2) Service may be made in the following manner:

    (a) Defendant, Matthew Kernen, (borrower), resides in Carroll, Carroll County, Iowa, within the jurisdiction of this Court.

    (b) Defendant, Capital One Bank (USA) NA, may be served by sending the Summons and a copy of the Complaint by registered or certified mail, return receipt requested, to its President, Richard D. Fairbank, at 1680 Capital One Drive, McLean, VA 22102. This defendant may be considered to be within the jurisdiction of this Court pursuant to Iowa Code 617.3(2).

    (c) Defendant, Cavalry SPV I, LLC, may be served by sending the Summons and a copy of the Complaint by registered or certified mail, return receipt requested to its registered agent, CT Corporation System, at 400 East Court Avenue, Des Moines, Iowa 50309.

## Foreclosure

(3) On or about December 1, 1998, Defendant, Matthew Kernen, executed and delivered to Rural Housing Service ("RHS"), a promissory note whereby he promised to pay RHS the sum of $64,682.00 with interest thereon at 6.125 percent per annum. As consideration for the note, RHS made a Rural Housing loan to defendant pursuant to the provisions of Title V of the Housing Act of 1949 (42 U.S.C. § 1471, *et seq*.). A true and correct copy of the note is attached as Exhibit A.

(4) At the same time and place and as part of the same transaction, to secure the payment of the note, Defendant, Matthew Kernen, executed and delivered to RHS a purchase-money security interest in the form of a real estate mortgage upon certain real estate in Carroll County, Iowa, within the jurisdiction of this Court, to-wit:

> **The East 100 feet of Outlot M, Heims Addition to Carroll, Carroll County, Iowa**

This Mortgage was recorded in the Office of the Carroll County Recorder, on December 1, 1998, in Book 227 at Page 243. A true and correct copy of the Mortgage is attached as Exhibit B.

(5) RHS is the owner and holder of the promissory note and real estate mortgage, Exhibits A and B.

(6) Pursuant to the Housing Act of 1949, as amended, 42 U.S.C. § 1490a, and the implementing regulations, 7 C.F.R. § 3550.162, the real estate mortgage, also secured the recapture of interest credit or subsidy granted to Defendant, Matthew Kernen. The total amount of interest credit or subsidy subject to recapture is $6,515.28, *see* Exhibit C.

(7) Defendant, Matthew Kernen, has failed to pay RHS installments of principal and interest when due in violation of the provisions of the note and mortgage. RHS has accelerated the indebtedness and made demand for payment in full on March 24, 2011, *see* Exhibit D. No payment has been received. As such, plaintiff seeks an *in personam* judgment against defendant Matthew Kernen,

3

excepting the amount of interest credit or subsidy subject to recapture, which should be pursued *in rem* only, and an *in rem* judgment against all defendants and the real property.

(8) Accordingly, RHS is owed, under the provisions of the promissory note and real estate mortgage, a total amount of $89,591.96. This includes $65,860.94 in principal (which is comprised of $52,718.65 in unpaid principal, $11,780.14 in advances, $76.15 in late charges, and $1,286.00 in escrow); and $17,215.74 in interest as of January 29, 2016, plus daily interest accruing at the total contract rate of $10.5897; and $6,515.28 in interest credit or subsidy subject to recapture; plus the costs of this action.

(9) No other action has been brought for the recovery of the balance due.

(10) RHS has completed all loan servicing requirements of Title V of the Housing Act of 1949, 42 U.S.C. § 1471, *et seq*.

## **Defendant's Interests**

(11) The following Defendants may claim an interest in the real estate subject to this foreclosure:

(a) Defendant Matthew Kernen may claim an interest in the subject real estate by virtue of the note and mortgage.

(b) Defendant, Capital One Bank (USA) NA, may claim an interest pursuant to a judgment for $4,422.70, plus interest and costs, entered September 4, 2012, as Case No. SCS008906 in the District Court of Carroll County, Iowa.

(c) Defendant, Cavalry SPV I, LLC, may claim an interest pursuant to a judgment for $1,447.10, plus interest and costs, entered January 28, 2015, as Case No. SCSC009536 in the District Court of Carroll County, Iowa.

(12) The interests of all the defendants are junior and inferior to the interests of RHS.

(13) None of the Defendants have a right to redemption after foreclosure sale herein.

## DEMAND FOR RELIEF

THEREFORE, the United States demands judgment *in personam* and *in rem* against Matthew Kernen, and *in rem* judgment against the real property and against all defendants, in the amount of $89,591.96. This includes $65,860.94 in principal (which is comprised of $52,718.65 in unpaid principal, $11,780.14 in advances, $76.15 in late charges, and $1,286.00 in escrow); and $17,215.74 in interest as of January 29, 2016, plus daily interest accruing at the total contract rate of $10.5897; and $6,515.28 in interest credit or subsidy subject to recapture; plus the costs of this action. The United States also demands an *in personam* against Defendant, Matthew Kernen, in the amount of $83,076.68 (the *in rem* judgment minus the interest subsidy recapture).

The United States further demands that RHS's mortgage be declared a first and paramount lien on the real estate described therein and that such advances as the United States or RHS may be authorized and required to pay for insurance premiums, real estate taxes, title fees, or other costs necessary to protect the

5

security during the pendency of this proceeding be allowed as a first and prior lien on the security.

The United States further demands that all legal right, title and interest which defendants have in the real estate be sold at public sale, without redemption, in accordance with 28 U.S.C. §§ 2001-2003, inclusive, and that the sale be subject to any unpaid real estate taxes or special assessments, and that the sale proceeds be applied in the following order:

(1) Filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2);

(2) The costs of the sale and of this action;

(3) The United States' *in rem* judgment against the mortgaged property and *in personam* judgment against Defendant, Matthew Kernen;

(4) Interest in the pre-judgment amount of $17,215.74;

(5) Interest credit or subsidy recapture in the pre-judgment amount of $6,515.28;

(6) Interest accruing on the judgment; and

(7) The balance, if any, be brought into this Court to await its further order.

Further, the United States prays that in the event the judgment is not wholly satisfied out of the proceeds of the sale, RHS shall have judgment against Defendant, Matthew Kernen, for any deficiency that exists (excepting any deficiency from interest credit or subsidy subject to recapture) after crediting the proceeds together with interest at the legal judgment rate.

6

Case 3:16-cv-03094-MWB-CJW   Document 1   Filed 09/02/16   Page 6 of 7

The United States further demands that all right, title, and interest in and to the real estate of borrower, and of all persons claiming by, through, or under them be decreed to be junior and inferior to RHS's mortgage and be absolutely barred and foreclosed.

If the purchaser of the real estate be denied possession, the United States prays that upon the filing of a proper Praecipe, this Court issue a Writ of Assistance, and without further order of this Court, place the purchaser of the real estate in peaceable possession.

> Respectfully submitted,
>
> KEVIN W. TECHAU
> United States Attorney
>
> By: /s/ Stephanie J. Wright
>
> STEPHANIE J. WRIGHT
> Assistant United States Attorney
> 111 7th Avenue SE, Box 1
> Cedar Rapids, IA 52401
> 319-363-6333(Phone)
> 319-363-1990(Fax)
> Stephanie.Wright@usdoj.gov